The clerk of the Superior Court vacated the attachment, but on appeal by plaintiff, his Honor Bryan, J., reversed the clerk's order, and defendant appealed.
The defendant contended that the pipes being firmly embedded in the streets constituted realty, and that attachment would not lie under section *Page 403 
347, and that although the gas, admitted to be personal property, escaped by the injury to the pipes, and consequential loss accrued to plaintiff, for which an action would lie, no injury was done to the gas itself, for which the ancillary remedy of attachment could be obtained. Mr. Guion, for the defendant, illustrated his contention as follows: "Suppose the subject-matter of the damage to be water, which plaintiff conveyed to its consumers by means of similar pipes, and defendant has injured a pipe, causing the water to leak out, could it be contended that there was any injury done to the water? But on the other hand, if any foreign substance had been introduced into the water causing it to become polluted, in such event the injury would be to the water, and the damage would spring therefrom. Again, suppose defendant should break open plaintiff's stable, permitting plaintiff's horse to escape therefrom, could it be concluded that any injury was done to his horse?"
Chapter 77, Acts of 1893, amended section 347 of The Code, extending the right of attachment for injuries to real estate.
Upon careful investigation we are of the opinion (551) that under the peculiar circumstances of this case, the ruling of his Honor refusing to dismiss the attachment should be sustained.
In view of the recent amendment to section 347 of The Code, extending the right of attachment to cases where the injury is to real as well as personal property, we do not think an elaborate discussion of the law as it previously existed can serve any useful purpose.
Affirmed.
Cited: Judd v. Mining Co., 120 N.C. 399.
(552)